UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIE A. ROBINSON, | * |
| | * |
| Petitioner, | * |
| | * |
| v. | * |
| | * Civil Action No. 19-cv-11393-ADB |
| STEPHEN SPAULDING, | * |
| | * |
| Respondent. | * |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Petitioner Willie A. Robinson ("Petitioner") was sentenced to 120 months in prison after pleading guilty to one count of possession with intent to distribute heroin. [ECF No. 2 at 3]. Currently pending before this Court is his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. For the reasons set forth below, the petition is DISMISSED.

I.  BACKGROUND

On December 11, 2014, Petitioner was charged by indictment with four counts related to heroin trafficking in the Eastern District of Kentucky. [ECF No. 2 at 2]. On January 2, 2015, the government filed an information pursuant to 21 U.S.C. § 851, which enhanced the mandatory minimum sentence to ten years for Count Four of the indictment based on Petitioner's prior state conviction for marijuana trafficking. [ECF No. 11-1 at 3; ECF No. 2 at 3]. Petitioner pled guilty to that Count on February 24, 2015, [ECF No. 11-1 at 2; ECF No. 2 at 3], pursuant to a plea agreement that stated that he was subject to a ten-year mandatory minimum sentence and provided that "[e]xcept for claims of ineffective assistance of counsel, [Petitioner] also waives

the right to attack collaterally the guilty plea, conviction, and sentence,"[1] [ECF No. 11-1 at 4]. On May 27, 2015, a judge in the Eastern District of Kentucky sentenced Petitioner to ten years of incarceration, followed by ten years of supervised release. [ECF No. 2 at 3]; United States v. Robinson, 14-cr-00052, Dkt. No. 22, (E.D. Ky. May 27, 2015).

Petitioner did not file a direct appeal of his sentence but did file a motion to dismiss the indictment for lack of jurisdiction in the sentencing court in August 2015. United States v. Robinson, 14-cr-00052, Dkt. No. 27, (E.D. Ky. Aug. 14, 2015). The motion was denied because, among other reasons, the plea agreement barred collateral attacks on his conviction. United States v. Robinson, 14-cr-00052, Dkt. No. 28 at 2, (E.D. Ky. Jan. 31, 2018).

On June 24, 2019, Petitioner filed the instant petition for habeas corpus pursuant to 28 U.S.C. § 2241 and a supporting memorandum challenging the ten-year § 851 enhancement. [ECF Nos. 1, 2]. At the time of the filing, Petitioner was in custody at Federal Medical Center Devens ("FMC Devens") in Massachusetts. [ECF No. 1 at 1]. Respondent Stephen Spaulding ("Respondent") opposed the motion on September 6, 2019, [ECF No. 11], and Petitioner filed a reply on September 20, 2019, [ECF No. 12].

Since the filing of the petition, the docket in Petitioner's criminal case in the Eastern District of Kentucky indicates that he was transferred from FMC Devens to a residential reentry facility in Georgia in 2020, United States v. Robinson, 14-cr-00052, Dkt. No. 37, (E.D. Ky. Apr. 12, 2021), and Petitioner's status on the Federal Bureau of Prisons' online inmate locator now lists his status as "released" from federal prison as of April 21, 2022. See Federal Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc (last visited June 9, 2022).

---

[1] Although not relevant here, the plea agreement also allows for a challenge to the length of the term of imprisonment if "it exceeds the top of the advisory guideline range as finally determined by the Court and also exceeds the statutory minimum sentence." [ECF No. 11-1 at 4].

## II.   DISCUSSION

### A.   Savings Clause Jurisdiction

Respondent argues that this Court does not have jurisdiction over Petitioner's § 2241 petition because it is a collateral attack on the validity of his sentence that must be brought in a motion pursuant to 28 U.S.C. § 2255. [ECF No. 11 at 1–2]. Petitioner counters that the Court can properly consider his petition under § 2241 because the change in law announced by the Supreme Court's holding in Mathis v. United States, 579 U.S. 500 (2016) invalidates the predicate state court conviction that led to the ten-year mandatory minimum and allows him to invoke 28 U.S.C. § 2255(e)'s savings clause.[2]  [ECF No. 2 at 9–13].

"Generally, motions to contest the legality of a sentence must be filed under § 2255 in the [sentencing] court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Gonzalez v. United States, 150 F. Supp. 2d 236, 240 (D. Mass. 2001) (internal quotation marks omitted). "In rare instances, however, pursuant to the 'savings clause' of section 2255, a federal prisoner can challenge his conviction and sentence under section 2241 if the prisoner can establish that the remedy afforded under section 2255 is 'inadequate or ineffective to test the legality of his detention.'" Calvache v. Benov, 183 F. Supp. 2d 124, 126 (D. Mass. 2001) (quoting 28 U.S.C. § 2255 and citing United States v. Barrett, 178 F.3d 34, 49–50 (1st Cir. 1999)).[3]  "[C]ourts have

---

[2] Plaintiff has conceded that his separate argument based on an internal U.S. Department of Justice memorandum is not a basis for relief. [ECF No. 12 at 4].

[3] Section 2255(e)'s savings clause provides that:

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which

allowed recourse to the savings clause in rare and exceptional circumstances, such as those in which strict adherence to [the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA")] gatekeeping provisions would result in a 'complete miscarriage of justice.'" Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (quoting In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)). "Accordingly, post-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'" Id. (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998)).

"[T]he First Circuit has yet to 'articulate[ ] the full scope of circumstances under which the saving[s] clause could apply.'" Henderson v. Grondolsky, 370 F. Supp. 3d 186, 194 (D. Mass. 2019) (quoting United States v. Almenas, 52 F. Supp. 3d 341, 345 (D. Mass. 2014)). To date, the First Circuit has condoned the use of the savings clause in situations where a petitioner claims that he is actually innocent of the crime for which he was "indicted, convicted and sentenced," Trenkler, 536 F.3d at 99, and "when the Supreme Court has reversed the holdings of the circuit courts regarding the meaning of a statute, and the petitioner is no longer guilty of a crime under the Supreme Court's new interpretation[,]" Bostic v. Spaulding, 483 F. Supp. 3d 19, 23 (D. Mass. 2020) (citing Sustache-Rivera v. United States, 221 F.3d 8, 16 (1st Cir. 2000)).

Petitioner argues that the Mathis decision represents a change in law, that its holding is retroactive, that the timing of the decision did not give him adequate opportunity to incorporate it into a direct appeal or subsequent motion, and that under that holding he would not have been

---

       sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

subjected to a ten-year mandatory minimum sentence. [ECF No. 2 at 9–10]. Although Petitioner argues otherwise, as the First Circuit and several other courts in this district have already held, "[t]he Supreme Court has indicated . . . that Mathis did not announce a new, retroactively applicable rule." Dimott v. United States, 881 F.3d 232, 237 (1st Cir. 2018); Goncalves v. Spaulding, 470 F. Supp. 3d 69, 73 (D. Mass. 2020); Plasencia v. Grondolsky, No. 18-cv-10121, 2018 WL 6267924, at *3 (D. Mass. Nov. 29, 2018); Feaster v. Grondolksky, No. 17-cv-11025, 2018 WL 10335957, at *2 (D. Mass. Mar. 2, 2018). Instead, it simply applied existing law. Goncalves, 470 F. Supp. at 73. Therefore, because "Petitioner presumably could have cited this existing law" at an earlier stage of his proceedings, "he cannot prevail in asserting that the § 2255 process has been inadequate or ineffective to challenge his detention." Id.[4] Accordingly, because Mathis does not provide a basis for invoking the savings clause, this Court does not have jurisdiction over the petition, and it is DISMISSED without prejudice.

### B.     Petitioner's Transfer from FMC Devens

Aside from Petitioner's inability to invoke savings clause relief, it appears that the Court lacks jurisdiction over the Petition for a separate reason. Although no party has updated the Court regarding Petitioner's location, he is seemingly no longer incarcerated within the District

---

[4] Petitioner points to the Fourth Circuit's test allowing a litigant to proceed under the savings clause "when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect." [ECF No. 12 at 5 (quoting United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018))]. Even assuming the First Circuit would apply the Fourth Circuit's test, Petitioner would still not prevail because the Fourth Circuit recently held that Mathis did not represent a substantive change in the law of the Supreme Court or the Fourth Circuit and did not allow a petitioner to satisfy prong two of the Wheeler test. Ham v. Breckon, 994 F.3d 682, 696 (4th Cir. 2021).

of Massachusetts.[5]  United States v. Robinson, 14-cr-00052, Dkt. No. 37, (E.D. Ky. Apr. 12, 2021).  Two jurisdictional rules guide a district court's authority to grant writs of habeas corpus.  First, "[u]nder the territorial-jurisdiction rule, derived from the statutory language limiting district courts to granting habeas relief 'within their respective jurisdictions,' 'the court issuing the writ [must] have jurisdiction over the custodian.'"  Bostic v. Spaulding, 483 F. Supp. 3d 19, 25 (D. Mass. 2020) (first quoting 28 U.S.C. § 2241(a), then quoting Gonzalez v. Grondolsky, 152 F. Supp. 3d 39, 43 (D. Mass. 2016)).  Second, under the immediate custodian rule, "the proper respondent in a habeas challenge to physical confinement is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  Parker v. Hazelwood, No. 17-cv-00484, 2019 WL 4261832, at *2 (D.N.H. Sept. 9, 2019) (internal quotation marks omitted).

Because Petitioner is neither incarcerated in nor serving his period of supervised release in the District of Massachusetts, the Court has no reason to believe that any respondent under its jurisdiction could carry out an order entered by this Court on Petitioner's request for habeas relief.  As a result, dismissal without prejudice is appropriate.  Parker, 2019 WL 4261832, at *5 (explaining that after petitioner had been transferred to another district, "[a]ny writ issued by this court would be ineffectual because [petitioner's] immediate custodian is outside the reach of this

---

[5] Although he appears not to be currently incarcerated, it is not clear that this moots his ability to challenge the length of his sentence because it is possible that Petitioner is still serving his term of supervised release.  "[T]he First Circuit has indicated that the 'in custody' requirement of § 2255 is satisfied by an individual who has completed their period of incarceration but is serving a term of supervised release."  United States v. Burns, No. 10-cr-10390, 2022 WL 686686, at *1 n.1 (D. Mass. Mar. 8, 2022) (citing Francis v. Maloney, 798 F.3d 33, 37 (1st Cir. 2015)); see also Anthony v. United States, No. 01-cr-00065, 2008 WL 190636, at *1 (D. Idaho Jan. 18, 2008) (collecting cases and holding that "[a] person who has completed his term of incarceration but is serving a term of supervised release is still 'in custody' for purposes of § 2255").

court's territorial jurisdiction"); Lindsay v. Warden, No. 19-cv-1101, 2021 WL 1565582, at *2 (D.N.H. Feb. 26, 2021) (dismissing petition and explaining that after petitioner's transfer, "were this court to issue any writ in [petitioner's] favor, it would be ineffectual against the persons who actually maintain day-to-day control over him and could produce him in court, if ordered to do so"), R & R adopted sub nom. Lindsay v. Fed. Corr. Inst., No. 19-cv-1101, 2021 WL 1565287 (D.N.H. Apr. 21, 2021).[6]

## III.     CONCLUSION

Accordingly, for the reasons set forth above, the petition, [ECF No. 1], is DISMISSED without prejudice.  Because the FMC Devens address on file with the Court is no longer accurate, Respondent shall serve Petitioner with a copy of this Order.

**SO ORDERED.**

June 9, 2022                                                        /s/ Allison D. Burroughs
                                                                           ALLISON D. BURROUGHS
                                                                           U.S. DISTRICT JUDGE

---

[6] Petitioner has also not meaningfully grappled with the explicit waiver in his plea agreement that limits collateral attacks on his sentence to ineffective assistance of counsel claims. Petitioner has not asserted an ineffective assistance claim here and this collateral attack would seem to be barred by the plea agreement's waiver.